# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

ROBERT LEE KING,

        Plaintiff,

        v.

JOHN DOE, J. HERMON, and JEREMY HOUGH,

        Defendants,

Case No. 3:25-cv-00017-SLG

## ORDER OF DISMISSAL UPON SCREENING

On January 23, 2025, self-represented prisoner Robert Lee King ("Plaintiff") filed a civil complaint and an application to waive prepayment/payment of the filing fee.[1] Plaintiff claims that on or about August 7, 2024, while he was detained at the Goose Creek Correctional Center, an unidentified correctional officer ("John Doe") used a racial slur during a strip search procedure.[2] Plaintiff filed a grievance regarding this incident, which was subsequently denied at multiple levels within the Department of Corrections. Plaintiff claims Lieutenant J. Hermon failed to properly investigate the grievance regarding the racial slur, thereby condoning the misconduct and perpetuating discrimination.[3] Plaintiff also claims Jeremy Hough violated his right to due process by refusing to provide Plaintiff with a copy of the

---

[1] Dockets 1-2.

[2] Docket 1 at 3.

[3] Docket 1 at 4.

investigation report regarding his grievance.[4] Although Plaintiff describes multiple strip searches and claims he was left in the shower and not given bedding until he threatened to file a grievance,[5] Plaintiff explains his grievance is "not about being strip searched. . . [or] about segregation or its policy."[6] Instead, he specifically brings this case based on the officer's "dehumanizing and demoralizing" language consisting of "racial epithets."[7] For relief, Plaintiff seeks damages in the amount of $50,000; punitive damages in the amount of $50,000;[8] and an order requiring Defendants to provide Plaintiff a copy of the investigation report regarding his grievance.[9]

The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. Upon review, the Court finds that the Complaint fails to state sufficient facts that, accepted as true, would establish a plausible claim for relief for a violation of the U.S. Constitution or federal law. The Court further finds that allowing leave to file an amended complaint would be futile and will therefore dismiss this case. This dismissal will count as a "strike" under § 1915(g).

---

[4] Docket 1 at 5.

[5] Docket 1-1 at 2.

[6] Docket 1-1 at 7, 9.

[7] Docket 1-1 at 7.

[8] Docket 1 at 8.

[9] Docket 1 at 9.

Case No. 3:25-cv-00017-SLG, *King v. Doe, et al.*
Order of Dismissal Upon Screening
Page 2 of 12
Case 3:25-cv-00017-SLG   Document 4   Filed 05/15/25   Page 2 of 12

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[10] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

>  (i) is frivolous or malicious;
>
>  (ii) fails to state a claim on which relief may be granted; or
>
>  (iii) seeks monetary relief against a defendant who is immune from such relief.[11]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[12] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[13] Although the scope of review generally is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters

---

[10] 28 U.S.C. §§ 1915, 1915A.

[11] 28 U.S.C. § 1915(e)(2)(B).

[12] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[13] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Case No. 3:25-cv-00017-SLG, *King v. Doe, et al.*
Order of Dismissal Upon Screening
Page 3 of 12
Case 3:25-cv-00017-SLG    Document 4    Filed 05/15/25    Page 3 of 12

of judicial notice.[14] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[15]

## DISCUSSION

### I. Requirements to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[16] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[17] To determine whether a complaint states a valid claim for relief, a district court considers whether the complaint contains enough facts that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[18] A claim is plausible "when the plaintiff pleads factual

---

[14] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[15] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

[16] Fed. R. Civ. P. 8(a)(2).

[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[18] *Id.* (quoting *Twombly*, 550 U.S. at 570). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001)).

Case No. 3:25-cv-00017-SLG, *King v. Doe, et al.*
Order of Dismissal Upon Screening
Page 4 of 12
Case 3:25-cv-00017-SLG    Document 4    Filed 05/15/25    Page 4 of 12

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[19]

A federal court cannot act as an attorney for a self-represented litigant, such as by supplying the essential elements of a claim,[20] and it is not a court's responsibility to review filings or exhibits to identify possible claims. A complaint must allege that the plaintiff suffered a specific injury because of the conduct of a particular defendant, and it must allege an affirmative link between that specific injury and the conduct of that defendant.[21]

## II. Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[22] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[23] To be deprived of a right, the defendant's action needs to either violate a right guaranteed by the Constitution or an enforceable right created by a federal statute.[24] Section 1983 does not confer

---

[19] *Ashcroft,* 556 U.S. at 678.

[20] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

[21] *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

[22] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[23] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[24] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*,

Case No. 3:25-cv-00017-SLG, *King v. Doe, et al.*
Order of Dismissal Upon Screening
Page 5 of 12
Case 3:25-cv-00017-SLG     Document 4     Filed 05/15/25     Page 5 of 12

constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[25]

A person acting under the color of state law "'subjects' another to the deprivation of a constitutional right, within the meaning of Section 1983, if the person does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."[26] Rule 10(b) of the Federal Rules of Civil Procedure requires that "[t]he title of the complaint . . . name all the parties" and a complaint must allege in specific terms how each named defendant caused a specific harm to the plaintiff.[27] Vague and conclusory allegations of constitutional violations are not sufficient.[28] A complaint must give each defendant fair notice of the plaintiff's claim against that specific defendant and the grounds upon which it rests."[29]

A plaintiff may use a "John Doe" defendant designation to refer to a defendants whose name is unknown; however, he must number each such Doe defendant in the complaint, *e.g.,* "John Doe 1," "John Doe 2," so that each numbered John Doe refers to a different person, and explain the specific action(s)

---

520 U.S. 329, 340-41 (1997).

[25] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[26] *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

[27] *Rizzo v. Goode,* 423 U.S. 362, 371 (1976).

[28] *Ivey v. Bd. of Regents,* 673 F.2d 266, 268 (9th Cir. 1982).

[29] *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 512 (2002).

Case No. 3:25-cv-00017-SLG, *King v. Doe, et al.*
Order of Dismissal Upon Screening
Page 6 of 12
Case 3:25-cv-00017-SLG   Document 4   Filed 05/15/25   Page 6 of 12

each John Doe took, when that action was taken, and how that action resulted in injury or harm to Plaintiff. A supervisor can be held liable in his individual capacity under §1983 only if (1) the supervisor personally participated in the constitutional violation, or (2) there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."[30]

### A. Plaintiff's claim regarding CO John Doe's racial slur

Plaintiff alleges that on August 8, 2024, correctional officer John Doe made a racially charged statement, "I'll just leave your Black ass in here," while Plaintiff was in the shower.[31] The Court assumes for purposes of this Screening Order that this allegation is true. But verbal abuse in the form of a racial slur by a correctional officer is not sufficient to establish a violation of Plaintiff's constitutional rights.[32] Specifically, verbal harassment, standing alone, does not violate the Eighth Amendment's prohibition against cruel and unusual punishment.[33] Further, such harassment, standing alone, does not violate the Fourteenth Amendment's

---

[30] *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quotation omitted).

[31] Docket 1 at 3.

[32] *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) ("As for being subjected to abusive language ... [v]erbal harassment or abuse ... is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983.") (citation omitted).

[33] *Keenan v. Hall,* 83 F.3d 1083, 1092 (9th Cir.1996) (holding "verbal harassment generally does not violate the Eighth Amendment," especially without evidence "that these comments were unusually gross even for a prison setting.").

Case No. 3:25-cv-00017-SLG, *King v. Doe, et al.*
Order of Dismissal Upon Screening
Page 7 of 12
Case 3:25-cv-00017-SLG   Document 4   Filed 05/15/25   Page 7 of 12

requirement of equal protection under the law.[34] Therefore, Plaintiff has not stated a claim against CO John Doe.

## B. Plaintiff's claim against Lieutenant Hermon

Plaintiff claims Lieutenant Hermon inadequately investigated Plaintiff's grievance against CO John Doe and thereby condoned CO Doe's racial slur. But despite Plaintiff's contentions, the Investigator's Report signed by Lieutenant Hermon that Plaintiff attached to his Complaint confirms that Lieutenant Hermon did investigate Plaintiff's grievance and provided him with a copy of his findings.[35] Plaintiff is not entitled to any particular response to his grievance or to have his grievance handled in a particular manner.[36] Plaintiff has failed to state a claim against Lieutenant Hermon.

---

[34] *See, e.g., Freeman v. Arpaio,* 125 F.3d 732, 738 & 738 n. 6 (9th Cir.1997) ("[a]lthough not itself rising to the level of a constitutional violation, prison officials' use of abusive language directed at an inmate's religion may be evidence that prison officials acted in an intentionally discriminatory manner," but the verbal abuse alone is "not sufficient to state a constitutional violation"); *Keenan v. Hall,* 83 F.3d 1083, 1092 (9th Cir.1996), *amended* 135 F.3d 1318 (9th Cir.1998) (disrespectful and assaultive comments by prison guard not enough to implicate Eighth Amendment); *Hoptowit v. Ray,* 682 F.2d 1237, 1252 (9th Cir.1982) (holding that a federal court can order steps to end unnecessary violence at a prison, but was without power to make an order with respect to racism, for "[o]nce the district judge took steps to end violence at the prison, racism was no longer before him," despite the prison guards' use of racial slurs to harass prisoners).

[35] Docket 1-1 at 6.

[36] *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure.").

Case No. 3:25-cv-00017-SLG, *King v. Doe, et al.*
Order of Dismissal Upon Screening
Page 8 of 12
Case 3:25-cv-00017-SLG    Document 4    Filed 05/15/25    Page 8 of 12

### C. Plaintiff's claim against Jeremy Hough

Plaintiff claims that Standards Administrator Jeremy Hough violated his due process rights by inadequately addressing his grievance. Specifically, Plaintiff challenges DOC policy not to provide him with a full investigative report regarding CO John Doe's racial slur. However, the DOC records Plaintiff attached to his Complaint demonstrate that Mr. Hough did in fact investigate Plaintiff's grievance and provided him with a letter denying his Level III grievance, after finding the grievance process had been "handled consistent with departmental policy at Levels I and II."[37]

Defendant Hough's letter also explained to Mr. King that "[i]t is the Department of Corrections policy not to share human resource investigations of staff with inmates, fellow staff, or members of the public."[38] Similarly, the Acting Director of Institutions, Sidney Wood, explained that "investigations into staff misconduct are confidential and will not be shared."[39] Prisoners do not have a constitutional right to access human resource investigation reports or correctional officer employee files. A prisoner's right to access and prepare evidence is specific to disciplinary proceedings and does not extend to grievances related to conditions of confinement.[40] Plaintiff has failed to state a claim against Jeremy Hough.

---

[37] Docket 1-1 at 11.

[38] Docket 1-1 at 11.

[39] Docket 1-1 at 8.

[40] *Melnik v. Dzurenda,* 14 F.4th 981, 988 (9th Cir. 2021). *See also Koenig v. Vannelli,*

### III. Futility of Amendment

The Court has found that Plaintiff has failed to state a claim against any of the named Defendants arising from the racial slur and subsequent investigation of that incident. Generally, before a court may dismiss an action for failure to state a claim, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint. But leave to file an amended complaint need not be accorded to a plaintiff when to do so would be futile.[41] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[42]

Here, Plaintiff's allegation of the racial slur directed at him, accepted as true, is insufficient to state a plausible constitutional claim. Based on Plaintiff's narrative and the attached DOC records, the Court finds no additional facts could be added that could constitute a plausible constitutional violation with respect to the racial slur incident and subsequent investigation. Plaintiff was not subjected to any disciplinary action based on the alleged events, he has not alleged any injury, and he was provided with responses to his grievance and appeals. The Court finds that according Plaintiff leave to file an amended complaint in these circumstances

---

971 F.2d 422, 423 (9th Cir. 1992); *Wolff v. McDonnell,* 418 U.S. 539, 566 (1974).

[41] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[42] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

Case No. 3:25-cv-00017-SLG, *King v. Doe, et al.*
Order of Dismissal Upon Screening
Page 10 of 12
Case 3:25-cv-00017-SLG    Document 4    Filed 05/15/25    Page 10 of 12

would be futile, as no additional facts could be alleged that would amount to a plausible constitutional violation. Therefore, the Complaint must be dismissed without leave to amend. This dismissal counts as a "strike" against Plaintiff.

### IV. The Three Strikes Rule

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous or malicious or fails to state a claim upon which relief may be granted[.]"[43] The "three strikes" provision was "designed to filter out the bad claims and facilitate consideration of the good."[44] Once a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other civil rights cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that, at the time he filed the complaint, "the prisoner is under imminent danger of serious physical injury."[45] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[46] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[47] In

---

[43] 28 U.S.C.A. § 1915(g).

[44] *Jones v. Bock,* 549 U.S. 199, 204 (2007).

[45] 28 U.S.C. § 1915(g); *see also Andrews v. Cervantes,* 493 F.3d 1047, 1055 (9th Cir. 2007).

[46] *Andrews,* 493 F.3d at 1056 (cleaned up).

[47] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

Case No. 3:25-cv-00017-SLG, *King v. Doe, et al.*
Order of Dismissal Upon Screening
Page 11 of 12
Case 3:25-cv-00017-SLG    Document 4    Filed 05/15/25    Page 11 of 12

addition to being "imminent," the alleged danger must also be "both fairly traceable to unlawful conduct alleged in [the] complaint and redressable by the court."[48]

**IT IS THEREFORE ORDERED:**

1. This case is **DISMISSED.**

2. All pending motions are **DENIED as moot.**

3. This dismissal counts as a **STRIKE** under 28 U.S.C.§ 1915(g).

4. The Clerk shall issue a final judgment and close this case.

DATED this 15th day of May 2025, at Anchorage, Alaska.

/s/ Sharon L. Gleason
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[48] *Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus test).

Case No. 3:25-cv-00017-SLG, *King v. Doe, et al.*
Order of Dismissal Upon Screening
Page 12 of 12
Case 3:25-cv-00017-SLG    Document 4    Filed 05/15/25    Page 12 of 12